DISTRICT COURT OF THE UNITED STATES
SOUTHERN DISTRICT OF NEW YORK

JUDGE BUCHWALD

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EXXONMOBIL OIL CORPORATION,

               Plaintiff,

           - against -

ENMEX CORP.,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

***VERIFIED COMPLAINT***
***WITH JURY DEMAND***

Civil Action No.:

**09 CIV. 4531**

Plaintiff ExxonMobil Oil Corporation ("ExxonMobil"), by its attorneys, Harriton & Furrer, LLP, as and for its Verified Complaint against Defendant EnMex Corp. ("EnMex"), alleges as follows:

## *NATURE OF THE ACTION*

1.     This is an action brought by Plaintiff ExxonMobil seeking appropriate relief against the Defendant in light of Defendant's breach of contract between the parties and other governing law.

2.     As more fully set forth below, Defendant EnMex, who purchases and resells aviation fuels from Plaintiff ExxonMobil's wholly owned subsidiary, ExxonMobil Aviation, Inc., pursuant to an Aviation Fuel Sales Agreement, has failed to pay Plaintiff ExxonMobil $1,092,938.62 for aviation fuels delivered despite due demand therefor.

## *THE PARTIES*

3.     ExxonMobil is a domestic corporation with an office at 3225 Gallows Road, Fairfax, Virginia duly authorized to do and doing business in the State of New York.

4.     Upon information and belief, Defendant EnMex is a foreign corporation with a principal place of business at 5933 W. Century Blvd., Suite 1100, Los Angeles, California.

### JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship) and Plaintiff's claims are in excess of $75,000.00. Venue is proper pursuant to 28 U.S.C. 1391(a)(3).

6.      Pursuant to the terms and conditions of the Agreements entered into by and between the parties, the parties consented to this Court's jurisdiction and agreed that the Agreements be governed by the Laws of the State of New York.

### JURY DEMAND

7.      Plaintiff demands a jury trial by jury on all issues so triable.

### FACTUAL BACKGROUND

8.      At all times hereinafter mentioned, Plaintiff ExxonMobil engaged in the sale and marketing of aviation fuels.

9.      Beginning in or about February 2005, Plaintiff ExxonMobil began selling aviation fuels to Defendant EnMex for resale to third-parties.

10.     Pursuant thereto, Plaintiff ExxonMobil, as Seller, and Defendant EnMex, as Purchaser, entered into a series of Aviation Fuel Sales Agreements which governed the sale and purchase of aviation fuels in the United States and Europe.

11.     Pursuant to those Agreements, payment was due from Purchaser within seven days from the invoice date.

12.     In or about February 2005, Plaintiff ExxonMobil extended to Defendant EnMex a $250,000.00 credit limit which was increased to $1,500,000.00 in February 2008.

13.     On or about January 21, 2009, Plaintiff ExxonMobil reduced Defendant EnMex's credit limit from $1,500,000.00 to $500,000.00 and requested that Defendant EnMex provide a Letter of Credit to ExxonMobil in the amount of $500,000.00.

2

HARRITON & FURRER, LLP
ATTORNEYS AND COUNSELORS AT LAW

Defendant EnMex met in California to discuss a repayment plan. That terms and conditions of that plan provided that EnMex would make payments on Tuesdays and Fridays and that EnMex's debt would be paid in full on or before March 31, 2009.

23.    Notwithstanding the terms and conditions of the payment plan, EnMex failed to make the agreed upon payments and, as a result thereof, Plaintiff ExxonMobil sent a demand letter to Defendant EnMex advising it that would commence legal action if full payment was not made.

24.    To date, and despite due demand therefor, Defendant EnMex has failed to pay Plaintiff ExxonMobil the sum of $1,092,938.62.

### AS AND FOR A FIRST CAUSE OF ACTION AS AGAINST DEFENDANT FOR BREACH OF CONTRACT

25.    Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "24" of this Complaint, as if each were fully set forth herein.

26.    That pursuant to the terms and conditions of the contractual agreements entered into by and between the parties, Defendant EnMex agreed to pay Plaintiff ExxonMobil for all aviation fuels delivered.

27.    That Plaintiff ExxonMobil has duly performed all of its obligations pursuant to the terms and conditions of the contractual agreements entered into by and between the parties.

28.    That despite demand therefor, Defendant EnMex has failed to pay ExxonMobil the total sum due of $1,092,938.62.

29.    That Plaintiff ExxonMobil has made several good faith attempts at resolving this dispute without any success.

30.    That solely as a result of the Defendant EnMex's breach of contract, Plaintiff ExxonMobil has been damaged in the amount of $1,092,938.62 together with interest, costs,

4

disbursements and attorneys' fees.

### AS AND FOR A SECOND CAUSE OF ACTION AS AGAINST DEFENDANT FOR UNJUST ENRICHMENT

31.    Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "30" of this Complaint, as if each were fully set forth herein.

32.    That Defendant EnMex received the benefit of the goods and materials provided to the Defendant by Plaintiff ExxonMobil.

33.    That Defendant EnMex has failed to pay Plaintiff ExxonMobil the total sum due of $1,092,938.62 which remains due and owing, despite demand therefor.

34.    That it would be grossly unjust and inequitable and would offend the conscience of the Court for Defendant EnMex to receive the value of the goods and materials provided by Plaintiff ExxonMobil without remitting proper payment therefor and for Plaintiff ExxonMobil to lose the reasonable value of its goods and materials while Defendant EnMex is thereby unjustly enriched.

35.    That Plaintiff ExxonMobil agreed to provide the goods and materials for consideration and in good faith and has in fact provided the goods and materials for which it contracted diligently and with clean hands.

36.    That by virtue of Plaintiff ExxonMobil's performance of the terms of the terms and conditions of the contractual agreements entered into by and between the parties and the failure of Defendant EnMex to pay Plaintiff ExxonMobil the agreed upon value of the goods and materials provided, Defendant EnMex has been unjustly enriched at Plaintiff ExxonMobil's expense and is liable in *quantum meruit* to Plaintiff ExxonMobil in the amount of $1,092,938.62 together with interest, costs, disbursements and attorneys' fees.

**WHEREFORE**, the Plaintiff ExxonMobil demands judgment against Defendant

HARRITON & FURRER, LLP
ATTORNEYS AND COUNSELORS AT LAW